

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUN -9 PM 3:45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEAN H. BATISTE | * | |
| | * | CIVIL ACTION |
| Plaintiff | * | NO. 03-0980 |
| | * | |
| v. | * | SECTION "Y" N |
| | * | |
| CANAL BARGE COMPANY, INC. | * | MAGISTRATE "4" |
| | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Canal Barge Company, Inc. ("Canal Barge"), and respectfully submits the following answer and defenses in response to the Complaint filed by Sean H. Batiste ("Plaintiff")

### First Affirmative Defense

Plaintiff was exempt from the Fair Labor Standard Act's overtime provisions.

### Second Affirmative Defense

Canal Barge denies that it is liable to Plaintiff under the Fair Labor Standards Act In the alternative, Canal Barge acted in good faith at all times, and thus, it is not liable for liquidated

N0973795 1



damages Further, Canal Barge denies that it committed any wilful violations of the Fair Labor Standards Act.

**Third Affirmative Defense**

Some or all of the claims asserted in the Complaint are time barred by the applicable statutes of limitations.

**Fourth Affirmative Defense**

Canal Barge denies that it was liable to Plaintiff. In the alternative, Plaintiff has failed to mitigate his damages as required by law.

**Fifth Affirmative Defense**

The damages claimed by Plaintiff, the existence of which is expressly denied, are barred to the extent that they are speculative in nature.

**Sixth Affirmative Defense**

The Complaint fails to state a claim for which compensatory, consequential, or liquidated damages may be granted.

**Seventh Affirmative Defense**

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for recovery of attorney's fees.

**Eighth Affirmative Defense**

Should Plaintiff show that he is entitled to compensation under the Fair Labor Standards Act, then Canal Barge is entitled to offset gratuitous pay provided to him for noncompensable activities.

**Ninth Affirmative Defense**

Canal Barge reserves the right to amend this Answer to assert any additional affirmative defenses, including in particular, those affirmative defenses set forth in Fed. R. Civ P 8(c), as, when, and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

**Tenth Affirmative Defense**

**AND NOW** further answering, Canal Barge responds in particular to the individually numbered paragraphs of the Complaint as follows:

1.

Canal Barge is not called upon to admit or deny the jurisdictional allegations of Paragraph 1 of the Complaint but specifically denies that any violation of the Fair Labor Standards Act occurred

2.

Canal Barge is not called upon to admit or deny the jurisdictional allegations of Paragraph 2 of the Complaint.

3

Canal Barge admits that Plaintiff was employed with it Canal Barge avers that Plaintiff was not employed from October of 1999 to December of 2002 but, rather, from September of 1999 until February of 2003. Except as expressly admitted, Canal Barge denies the remaining allegations of Paragraph 3 of the Complaint for lack of information sufficient upon which to justify a belief therein.

4

Canal Barge admits the allegations contained in Paragraph 4 of the Complaint.

5.

Canal Barge is not called upon to admit the jurisdictional allegations contained in Paragraph 5 of the Complaint.

6

Canal Barge is not called upon to admit or deny the venue allegations contained in Paragraph 6 of the Complaint.

7

Canal Barge is not called upon to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8

Canal Barge is not called upon to admit or deny the allegations contained in Paragraph 8 of the Complaint. However, Canal Barge denies that Plaintiff is entitled to the requested damages

9

Canal Barge admits that Plaintiff was employed with it as a shore tankerman but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.

Canal Barge denies the allegations contained in Paragraph 10 of the Complaint

11

Canal Barge admits that it did not pay Plaintiff overtime wages but denies the remaining allegations contained in Paragraph 11 of the Complaint

12.

Canal Barge admits the allegations contained in Paragraph 12 of the Complaint.

13.

Canal Barge admits that Plaintiff was "on call" for some of his time but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.

Canal Barge admits that prior to January of 2000, it was aware of the Fair Labor Standards Act but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.

Canal Barge is not called upon to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.

Canal Barge denies the allegations contained in Paragraph 16 of the Complaint.

17.

Canal Barge denies the allegations contained in Paragraph 17 of the Complaint.

18.

Canal Barge admits that it was aware of the Fair Labor Standards Act and its requirements but denies the remaining allegations contained in Paragraph 18 of the Complaint.

FURTHER, Canal Barge is not called upon to confirm or deny the prayer contained in Plaintiff's Complaint but affirmatively states that there are no grounds in fact or law that warrant the granting of Plaintiff's prayer for relief and that the prayer is neither appropriate nor justified.

**WHEREFORE**, Canal Barge respectfully requests that, after all due proceedings, Plaintiff's claims be dismissed with prejudice, at his expense.

Respectfully submitted,

CORNELIUS R. HEUSEL, T.A
Louisiana Bar No 06849
LAURIE M. CHESS
Louisiana Bar No. 24997
JONES, WALKER, WAECHTER,
POITEVENT, CARRÉRE & DENÉGRE LLP
201 St Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by United States Mail, postage prepaid and properly addressed, this 9th day of June, 2003. New Orleans, Louisiana.

Christopher Coffin
Patrick W Pendley
Stan P Baudin
Pendley Law Firm
24110 Eden Street
Plaquemine, Louisiana 70764